UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **PSYSTAR CORPORATION,**<br><br>*Plaintiff*,<br><br>v.<br><br>**APPLE INC.**,<br><br>*Defendant.* | **Case No. 1:09-cv-22535-WMH**<br>**Jury Demanded** |

# FIRST AMENDED COMPLAINT

Psystar is entitled to file this First Amended Complaint as an amendment "as a matter of course" under Rule 15(a)(1)(A) because Psystar has not yet been served with a responsive pleading.

## I. STATEMENT OF THE CASE

1. Psystar is a Florida corporation with its headquarters and principal place of business at 10475 NW 28th Street, Doral, Florida. Psystar assembles and sells personal computers in the United States and abroad. Its products include the Open(3), Open(Q), Open(7), and OpenPro, and the all-in-one Rebel Series, which includes the Rebel 19" and the Rebel 22". Psystar's computers are capable of running a variety of operating systems, including Microsoft Windows, many variants of Linux, and Mac OS X. This dispute is over Psystar's right to continue selling computers running Mac OS X — and, in particular, to sell computers running the newly released successor to Mac OS X Leopard, Mac OS X Snow Leopard.

2. Psystar computers outperform comparable Macintoshes sold by Apple, in large part because of the superior hardware that Psystar sells. Using Geekbench

1

benchmarks, the Rebel 19" outperformed the iMac 20" and the Rebel 22" outperformed the iMac 24" on every metric. According to Jason D. O'Grady of ZDNet: "In short, the Psystar pretty much trounces the closest price Mac available from Apple." According to Rich Brown of CNET: "The Psystar's hardware advantage translates to some impressive performance wins." Psystar competes with Apple by selling superior personal computers at substantially lower prices.

3.  Apple is a California corporation with its headquarters and principal place of business at 1 Infinite Loop, Cupertino, California. Apple developed the Mac OS X operating system, the current model of which is called Mac OS X Leopard. Apple has announced that it views Psystar's assembling and selling personal computers running Mac OS X Leopard as illegal. Apple has sued Psystar in the United States District Court for the Northern District of California alleging that Psystar's use of Mac OS X Leopard is illegal. Apple seeks a permanent injunction shutting down Psystar's business.

4.  Apple has announced that it will release Mac OS X Snow Leopard as a successor to Mac OS X Leopard on Friday, August 28, 2009. Psystar believes that it is legally entitled to resell copies of Mac OS X Snow Leopard on Psystar computers, but is confident, based on the ongoing litigation with Apple over Mac OS X Leopard, that Apple will view Psystar's decision to sell computers running Mac OS X Snow Leopard as illegal. Counsel for Apple has also so stated. Accordingly, Psystar brings this action to seek a declaratory judgment that it may sell and continue to sell computers running Mac OS X Snow Leopard, provided, of course, that Psystar continues to purchase copies of Mac OS X Snow Leopard from Apple and others, like Amazon and Best Buy, who resell Apple's products.

5. Psystar further brings this action to seek an injunction, and damages pending the issuance of such an injunction, for Apple's anticompetitive attempts to tie Mac OS X Snow Leopard to its Macintosh line of computers (sometimes referred to as "Apple-branded hardware"). Apple is the only company in the world that integrates operating system and hardware development. Although it sells copies of Mac OS X Snow Leopard separately from its Macintoshes — the line of computers that includes the Mac Mini, the iMac, the MacBook, the MacBook Pro, the MacBook Air, and the Mac Pro — it purports to limit the use of these copies of Mac OS X Snow Leopard to Macintoshes. It does this both technically, by computer code that attempts to verify that Mac OS X Snow Leopard is running on a Macintosh, and through the "license agreement" that is associated with Mac OS X Snow Leopard.

6. By tying its operating system to Apple-branded hardware, Apple restrains trade in personal computers that run Mac OS X, collects monopoly rents on its Macintoshes, and monopolizes the market for "premium computers." Apple's share of revenue in the market for premium computers — computers priced at over $1,000 — is currently 91%. Apple's conduct violates the Clayton and Sherman Acts in that Apple is monopolizing the market for premium computers, illegally integrating across the markets for hardware and operating systems for use in personal computers, entering into illegal exclusive-dealing agreements that prevent buyers of Mac OS X from buying their hardware from competitors like Psystar, illegally tying Mac OS X to Macintoshes and thereby substantially decreasing competition in the market for hardware for premium personal computers, and entering into license agreements and, upon information and

belief, reseller agreements that restrain trade in that they require that Mac OS X be run only on Apple-branded hardware.

7. Like Windows, Mac OS X is an operating system that allows a computer to function and to run applications like word processors, Internet browsers, and the like. Unlike Windows, Mac OS X is based on a variety of open source (i.e., publicly available) pieces of computer software, including the Mach microkernel developed at Carnegie Mellon University and the so-called Berkeley Software Distribution (BSD), a variant of UNIX. Apple has continued to release parts of Mac OS X as open source, as it is required to do because of its decision to incorporate open-source software. Apple calls these open-source releases Darwin. A critical difference between Mac OS X and Windows is that Mac OS X is built on a foundation of open-source software not developed by Apple and in which Apple cannot and does not claim any exclusive rights.

8. The Psystar computers that run Mac OS X Snow Leopard are able to do so by running software, written by Psystar, that interfaces with the open-source portion of Mac OS X Snow Leopard. The manner in which Psystar computers run Mac OS X Snow Leopard is entirely different from the manner in which Psystar computers run Mac OS X Leopard. Both the technical details of Apple's attempt to tie Mac OS X to Macintoshes and the computer software that Psystar uses to enable Mac OS X to run on Psystar computers changed with the release of Snow Leopard. Accordingly, the factual and technical issues in this case are entirely different from those at issue in the California litigation, which is limited to Psystar computers that run Mac OS X Leopard.

8-b. Since the filing of the original complaint, Psystar has released two additional products that it wishes to add to this case. First, Psystar now licenses the

software that it uses to make Mac OS X Snow Leopard compatible with non-Apple computers to third-party original equipment manufacturers (OEM's). Psystar believes that this activity, too, is legal, and that Apple's attempts to restrain it are illegal. Second, Psystar now sells copies of the software that it uses to make Mac OS X Snow Leopard compatible with non-Apple computers directly to end users. Psystar has christened this product Rebel EFI. Psystar believes that this activity, too, is legal, and that Apple's attempts to restrain it are illegal. Finally, Psystar expressly wishes to make all future versions of OS X, all current and future Apple software products that are integrated with each other or with OS X, and all current and future Psystar products part of this case so that Psystar can obtain a full and final declaration of its legal rights on which it can continue to build its business.

## II.     JURISDICTION AND VENUE

9.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), and 1338 (copyrights and trademarks). This case arises under the Clayton Antitrust Act, the Sherman Antitrust Act, the Lanham Act, and the Copyright Act. This Court therefore has subject-matter jurisdiction under § 1331. This case is between citizens of different States — Psystar is a citizen of Florida and Apple is a citizen of California — and involves more than $75,000 in controversy. This Court therefore has subject-matter jurisdiction under § 1332.

10.     This Court has both general and specific personal jurisdiction over Defendant Apple Inc. This Court has general jurisdiction over Apple because Apple has engaged in pervasive and intentional business contacts in this District, including but not limited to advertising and selling copies of Mac OS X, Macintosh computers, iPods,

5

iPhones, and other products in this District both through physical Apple Stores and through the online Apple Store. Some of these sales were sales to Psystar. This Court has specific jurisdiction over Apple because the unlawful actions here alleged affect Psystar's business in this District, were targeted at those who sell Macintosh OS X on non-Apple hardware (a group that principally includes Psystar), and, upon information and belief, were in many instances specifically targeted at Psystar itself.

11. Venue is proper in this Court under 28 U.S.C. § 1391 because Apple resides in this district as *reside* is defined in § 1391(c), that is, because Apple's contacts with this District, as described in the preceding paragraph, are sufficient to give rise to personal jurisdiction over Apple in this District were this District a State. Each of the contacts described in the preceding paragraph also satisfy the requirements for jurisdiction of Florida courts contained in Fla. Stat. Ann. § 48.193.

12. Apple may be served through its registered agent for service of process in Florida, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Apple's headquarters and principal place of business are at 1 Infinite Loop, Cupertino, California 95014.

### III.   THE CALIFORNIA LITIGATION

13. This case raises a wholly separate set of issues wholly those in *Apple Inc. v. Psystar Corp.*, No. 3:08-cv-3251-WHA, in the United States District Court for the Northern District of California, because that case is limited to Psystar computers running Mac OS X Leopard. This case concerns the successor to Mac OS X Leopard, Mac OS X Snow Leopard. Both the technical mechanisms used by Apple to tie Mac OS X Snow Leopard to Macintoshes and the technology used by Psystar to get Mac OS X Snow

Leopard to run on Psystar computers are new and different and not within the scope of the California litigation. Moreover, fact discovery in the California litigation has closed, the deadline for amendments to pleadings has passed, and that litigation is proceeding expeditiously to trial on January 11, 2010; any attempt to pursue these claims in that forum would inevitably and unnecessarily delay trial.

### IV. CAUSES OF ACTION

#### A. Declaratory Judgment Act

14. Psystar is subject to the threat of a coercive action filed by Apple with respect to Snow Leopard parallel to the action that Apple has filed in California with respect to Leopard. In particular, Psystar stands threatened by a lawsuit by Apple alleging at least that Psystar's selling computers that run Mac OS X Snow Leopard constitutes copyright infringement in violation of the Copyright Act, circumvention of a technological access-control mechanism in violation of the Digital Millenium Copyright Act, and a breach of the "license agreement" that Apple contends governs the relationship between it and those who buy copies of Mac OS X Snow Leopard. Psystar also stands threatened with potential claims for contributory copyright infringement and inducing copyright infringement, inducing breach of contract, trademark infringement and dilution, trade-dress infringement, and unfair competition — all claims that Apple has asserted with respect to Leopard in the California litigation.

15. A large part of Psystar's business is selling computers that run Mac OS X. Psystar expects to sell substantial numbers of computers running Mac OS X Snow Leopard following Snow Leopard's release on Friday. Psystar seeks to clarify for its own benefit and for the benefit of its customers the application of federal law to its computers

7

running Mac OS X Snow Leopard. A declaration by this Court of the legal rights of Apple and Psystar with respect to Psystar computers running Mac OS X Snow Leopard would clarify, to put it bluntly, the legality of Psystar's business — and would remove the substantial negative effect on Psystar's business of continued uncertainty and legal wrangling between Apple and Psystar. In particular, Psystar seeks declarations on the following topics.

16. Psystar seeks first a declaration that its activities with respect to Mac OS X Snow Leopard do not constitute copyright infringement. Psystar intends to purchase every copy of Mac OS X Snow Leopard that it resells with its computers, as has been its practice with prior versions of Mac OS X. It purchases these copies both directly from Apple and through resellers like Amazon and Best Buy. The Copyright Act expressly permits Psystar to take steps necessary to run Mac OS X Snow Leopard on its computers, even if these steps require making incidental copies of Mac OS X Snow Leopard. *See* 17 U.S.C. § 117(a). The Copyright Act also expressly permits Psystar to resell the particular copies of Mac OS X Snow Leopard that it has lawfully purchased. *See* 17 U.S.C. § 109 (the first-sale doctrine). Psystar's customers are then permitted by § 117 to again make copies necessary to run Mac OS X Snow Leopard on their Psystar computers. Together, §§ 109 and 117 render Psystar's actions with respect to Mac OS X Snow Leopard not copyright infringement.

17. Psystar further seeks a declaration that its actions do not constitute a violation of the anti-circumvention provisions of the Digital Millenium Copyright Act. *See* 17 U.S.C. § 1201. Psystar does not gain access to Apple's copyrighted work — the code for Mac OS X Snow Leopard — at any point during the operation of its computers.

8

Psystar merely allows Mac OS X Snow Leopard to run in the ordinary fashion, while providing software of its own to make Mac OS X Snow Leopard compatible with its hardware. Moreover, Psystar's acts fall within § 1201(f), which permits circumvention for purposes of achieving interoperability between a copyrighted computer program and other programs. Any circumvention by Psystar is solely for the purpose of making Psystar's software (which allows Mac OS X Snow Leopard to run on Psystar computers) interoperable with Mac OS X Snow Leopard.

18. Psystar's position with respect to Mac OS X Snow Leopard is analogous to that of a person developing a software application to run on top of Mac OS X Snow Leopard. Just as Microsoft writes Word to run with Mac OS X and Google writes its web browser Chrome to run with Mac OS X, Psystar writes its software to run with Mac OS X Snow Leopard. In fact, the part of Mac OS X Snow Leopard that Psystar interacts with is within the open-source portion of Mac OS X and makes use of features of Mac OS X Snow Leopard designed to allow software developers to extend Mac OS X Snow Leopard to work with different hardware. Admittedly, Apple hopes that this hardware be peripherals such as video cameras or USB memory sticks, but nothing in the technology of Mac OS X Snow Leopard prevents use of the same facilities to extend Mac OS X Snow Leopard for use on non-Apple personal computers.

19. Psystar further seeks a declaration that the "license agreement" that accompanies Mac OS X Snow Leopard is not enforceable insofar as it purports to prevent owners of copies of Mac OS X Snow Leopard from running that software on their own non-Macintosh computers — and, in particular, on Psystar's computers. To the extent that the license agreement purports to make copyright infringement that which is not

copyright infringement under federal law or purports to forbid as a matter of contract law that which is expressly permitted by federal copyright law, state law that permits enforcement of the license agreement is in conflict with federal law and is therefore preempted.

20. Moreover, Psystar seeks a declaration that the license agreement is unenforceable for lack of privity and lack of consideration. The license agreement is accessible only after a user purchases a shrinkwrapped copy of Mac OS X Snow Leopard. And the license expressly states that it may be returned only according to the terms of the reseller — for example, Amazon or Best Buy. These resellers often include return terms that forbid the return of unwrapped software. Putting these terms together, a purchaser of Mac OS X Snow Leopard has no opportunity to see the license agreement before losing the ability to undo the sale by returning his or her copy of Snow Leopard. Although shrinkwrap license agreements may be enforceable in other contexts, the particular facts of Apple's shrinkwrap agreement for Mac OS X render it unenforceable against Psystar or Psystar's customers.

20-b. Psystar further seeks a declaration that its licensing of its technology for running Mac OS X Snow Leopard on non-Apple computers to original equipment manufactuers does not violate either the Copyright Act or the DMCA. Psystar further seeks a declaration that its direct sale of Rebel EFI to end users does not violate either the Copyright Act or the DMCA.

**B.  Federal Antitrust Acts**

21. Apple violated § 1 of the Sherman Act, 15 U.S.C. § 1, by tying and attempting to tie Mac OS X Snow Leopard to Macintosh computers — that is, by

10

requiring those who want access to Mac OS X Snow Leopard to also buy a Macintosh computer on which to run Mac OS X Snow Leopard. *See Technical Resource Services, Inc. v. Dornier Medical Systems, Inc.*, 134 F.3d 1458, 1464–65 (11th Cir. 1998) (collecting cases). The software license agreement that accompanies Mac OS X Snow Leopard constitutes a contract in restraint of trade. It further constitutes an illegal exclusive-dealing arrangement under § 3 of the Clayton Act, 15 U.S.C. § 14, because it purports to condition sales of Mac OS X Snow Leopard on an agreement that the purchaser will not deal with those who compete with Apple in selling personal computers, a group that includes Psystar. *See, e.g., Omega Environmental, Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1169 (9th Cir. 1997).

22.     Apple violated § 2 of the Sherman Act, 15 U.S.C. § 2, by monopolizing and attempting to monopolize the market for premium personal computers, that is, personal computers priced above $1,000. The elements of a monopolization claim are "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *Morris Comm. Corp. v. PGA Tour, Inc.*, 364 F.3d 1288, 1293–94 (11th Cir. 2004) (*citing United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966)).

23.     Apple has the power to control prices and exclude competition from the market for premium personal computers because it has the exclusive right to Mac OS X Snow Leopard and uses that right to prevent competitors such as Psystar from selling competing personal computers that run Mac OS X Snow Leopard. Apple's Macintoshes have a 91% revenue market share in the market for premium personal computers. Apple

willfully acquired this market power by abusing its copyright monopoly in Mac OS X. Although Apple properly has a monopoly in those aspects of Mac OS X that are original works of authorship and that are therefore copyrightable, Apple is not entitled to extend its monopoly over Mac OS X Snow Leopard — a piece of software — to the quite different market for the computers on which Mac OS X Snow Leopard can run.  For the same reasons, Apple also has and has obtained and maintained a monopoly in the market for personal computers with a UNIX operating system.  (Microsoft Windows is not a UNIX operating system.)

24. These violations of the federal antitrust acts affected interstate commerce because Apple ties Mac OS X Snow Leopard to Macintoshes and attempts to enforce this tying arrangement in every state.  In particular, Apple has attempted to prevent Psystar from selling computers running Mac OS X Snow Leopard not only in Florida, but in every state.

25. These violations of the federal antitrust acts have damaged and will damage Psystar in its business and property because they deny Psystar business that otherwise would go to Psystar by creating doubt about the legality of Psystar computers running Mac OS X Snow Leopard.  The items of damage to Psystar include damage to Psystar's business reputation and to the reputation of its products and sales lost that could have been made absent Apple's attempts to restrict Mac OS X Snow Leopard to Macintoshes.

    **C.**    **Lanham Act**

26. Apple represents that only Macintoshes can legally run Mac OS X Snow Leopard.  This representation is false.  Apple's misrepresentation harms Psystar's

business because it creates the false impression that it is illegal for Psystar to make and sell computers that run legally purchased copies of Mac OS X Snow Leopard. Apple's misrepresentations about its exclusive right to run Mac OS X Snow Leopard violate the Lanham Act, 15 U.S.C. § 1125(a), which prohibits false or misleading descriptions or representations of fact that misrepresent the nature of the speaker's or another's goods, services, or commercial activities. Here, Apple's misrepresentation both misrepresents that Apple is the exclusive legal seller of personal computers that run Mac OS X Snow Leopard and misrepresents that Psystar has no right to sell personal computers that run Mac OS X Snow Leopard.

27. Apple's misrepresentations about the legality of running Mac OS X Snow Leopard on non-Apple computers appear throughout Apple's advertising and promotional materials. The license agreement that accompanies Mac OS X Snow Leopard represents that Mac OS X Snow Leopard can only be run on Apple-branded hardware and, specifically, that it is not to be run on non-Apple hardware. Apple describes its operating system as an operating system for Macintosh computers, using the "Macintosh" brand name, which refers to computers made by Apple. Apple describes its operating system as integrated with the hardware it sells, as though it could not operate on hardware sold by others. And Apple in its court filings has made clear its claim that Mac OS X Snow Leopard can be legally run only on Macintoshes.

**V.     JURY DEMAND**

28. Psystar demands trial by jury on all claims, defenses, and other issues in this case.

## VI.  PRAYER FOR RELIEF

29. Psystar respectfully prays for relief as follows:

    a. money damages for lost sales and injury to Psystar's business reputation and to the reputation of its personal computer products;

    b. attorneys' fees for bringing this action;

    c. treble damages;

    d. a declaration of the legal rights of the parties including those items identified in Part IV(A) of this complaint;

    e. an injunction preventing Apple from attempting to prevent Psystar from making and selling computers that run Mac OS X Snow Leopard and from representing that Psystar's making and selling such computers is other than perfectly legal;

    f. an injunction requiring Apple to cease tying Mac OS X Snow Leopard to its Macintosh personal computers; and

    f. any other relief to which Psystar may be entitled in law or equity.

Dated: October 27, 2009.

Respectfully submitted,

s/ K.A.D. Camara

_____
K.A.D. Camara (not admitted to S.D. Fla.)
camara@camarasibley.com
CAMARA & SIBLEY LLP
Texas Bar No. 24062646 / Mass. Bar No. 661087
2339 University Boulevard
Houston, Texas  77005
Telephone: (713)-893-7973
Facsimile: (713)-583-1131

s/ Alex D. Weisberg

_____
Alex D. Weisberg
Florida Bar Number: 0566551
aweisberg@attorneysforconsumers.com
Aaron D. Radbil
Florida Bar Number: 0047117
aradbil@attorneysforconsumers.com
WEISBERG & MEYERS LLC
9369 Sheridan Street, Ste. 656
Cooper City, FL 33024
Phone: (866) 775-3666
Facsimile: (866) 577-0963

*Attorneys for Plaintiff Psystar Corporation*