# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

PLAINTIFF PSYSTAR'S RESPONSE TO APPLE'S MOTION TO TRANSFER

| | |
|---|---|
| **Psystar Corp.**<br>*Plaintiff,*<br><br>**v.**<br><br>**Apple, Inc.**<br>*Defendant.* | **Case No. 09-22535-CIV-HOEVELER** |

# Contents

1   Authorities                                                                iii

2   Exhibits                                                                    vi

3   Introduction                                                                1

4   The First-Filed Rule Does Not Apply                                         1

5   Transfer Under §1404(a) Is Inappropriate Because This Court Is At
    Least As Convenient For The Parties As The Northern District of California  16

6   Conclusion                                                                  20

# 1   Authorities

*AG Leader Technology, Inc. v. NTech Industries*, 574 F. Supp. 2d 1011      16
(S.D. Iowa 2008)

*Attorney Yellow Pages.com, L.L.C. v. Advice Co.*, No. CV-09-282-PHX-      12
LOA, 2009 WL 1211662 (D. Ariz.)

*AU Optronics Corp. v. LG.Philips LCD Co.*, No. 07-C-137-S, 2007 WL      3
5613513 (W.D. Wis.)

*Baskin v. Bath Township Board of Zoning Appeals*, 15 F.3d 569 (6th      3
Cir. 1994)

*BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792      14
F. Supp. 775 (M.D. Fla. 1991)

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999)      10, 11, 12

*Carter v. Nicholson*, No. 07-20169, 2007 WL 3316086 (5th Cir. 2007)      12

*Central States Industrial Supply, Inc. v. McCullough*, 218 F. Supp. 2d      3
1073 (N.D. Iowa 2002)

*Chase Federal Savings & Loan Ass'n v. Chase Manhattan Financial Ser-*      19
*vices Inc.*, 681 F. Supp. 771 (S.D. Fla. 1987)

*Clergy Financial, LLC v. Clergy Financial Services, Inc.*, 598 F. Supp. 2d      15
989 (D. Minn. 2009)

*Cosmair, Inc. v. Dynamite Enterprises, Inc.*, No. 85-651, 1985 WL 2209      19
(S.D. Fla.)

*Crawley v. Hamilton County Commissioners*, 744 F.2d 28 (6th Cir. 1984)      4

*Data Management, Inc. v. Control Module, Inc.*, No. 3:07-cv-966-O, 2009      8
WL 424158 (N.D. Tex.)

*Design Bureau Corp. v. Colvin*, No. 08-22455, 2009 WL 2576372 (S.D. Fla.) ... 18

*Designer's View, Inc. v. Publix Super Markets, Inc.*, 764 F. Supp. 1473 (S.D. Fla. 1999) ... 19

*Facebook, Inc. v. Power Ventures, Inc.*, No. C-08-5780-JF-RS, 2009 WL 1299698 (N.D. Cal.) ... 7

*Finley v. Dun & Bradstreet Corp.*, No. 05-C-5134, 2006 WL 861920 (N.D. Ill. 2006) ... 20

*Frank v. United Airlines, Inc.*, 216 F.3d 845 (9th Cir. 2000) ... 9

*In re Transaction Systems Architects, Inc.*, No. 609, 2000 WL 290351 (Fed. Cir.) ... 3

*In re Western United Nurseries, Inc.*, No. MC 96-81-PHX-SMM, 2007 WL 2727301 (D. Ariz. 2007) ... 12

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949 (N.D. Cal. 2008) ... 14

*Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955) ... 9

*Manuel v. Convergys Corp.*, 430 F.3d 1132 (11th Cir. 2005) ... 16, 17

*Meekins v. United Transportation Union*, 946 F.2d 1054 (4th Cir. 1991) ... 9

*Mondo, Inc. v. Spitz*, No. 97-civ-4822, 1998 WL 17744 (S.D.N.Y.) ... 16

*National Bancard Corporation v. Visa U.S.A., Inc.*, 596 F. Supp. 1231 (S.D. Fla. 1984) ... 19

*National Resources Defense Council v. United States Environmental Protection Agency*, 437 F. Supp. 2d 1137 (C.D. Cal. 2006) ... 9

iv

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S. Ct. 645 (1979)                11

*Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253 (11th Cir. 1996)                19, 20

*Sensient Colors Inc. v. Allstate Ins. Co.*, 908 A.2d 826 (N.J. 2006)             3

*Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404 (E.D.             7
Pa. 2008)

*Solna Web Inc. v. Printed Media Services, Inc.*, No. 90-0433-CV-W-6,              3
1990 WL 357918 (W.D. Mo.)

*Storage Technology Corp. v. Custom Hardware Engineering & Consulting,*           7
*Inc.*, 421 F.3d 1307 (Fed. Cir. 2005)

*Tenneco Oil Co. v. Environmental Protection Agency*, 592 F.2d 897 (5th           16
Cir. 1979)

*Texas Air Corp. v. Air Line Pilots Assocation International*, No. 88-804,        16
1989 WL 146414 (S.D. Fla.)

*Top Rank, Inc. v. Dona Barbara Restaurant, Inc.*, 1999 WL 127450 (1999)          19

*Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194 (11th               14
Cir. 1982)

*Ward v. Follett Corp.*, 158 F.R.D. 645 (N.D. Cal. 1994)                          14

*Whirlpool Corp. v. U.M.C.O. Int'l Corp.*, 748 F. Supp. 1557 (S.D.                19
Fla. 1990)

17 U.S.C. § 117                                                                    6

28 U.S.C. § 1404(a)                                                                1, 16

# 2 Exhibits

Exhibit A — Order Denying Apple's Motion to Enjoin the Florida Action

Exhibit B — Apple's Motion to Enjoin the Florida Action

Exhibit C — Order re: Cross Motions for Summary Judgment

Exhibit D — Order Granting Motion to Exclude Testimony of Jacques Vidrine

Exhibit E — Order Vacating Pretrial, Case Management, and Scheduling Conferences

# 3 Introduction

Psystar Corporation, a Miami-based computer startup, exercised its right as plaintiff to choose the Southern District of Florida as the venue for this antitrust case. Apple contends that this Court should transfer this case to the Northern District of California to be consolidated with *Apple v. Psystar*, a copyright case that Apple filed in 2008. Apple contends that transfer is appropriate under the "first-filed rule" and 28 U.S.C. §1404(a), the transfer-for-convenience statute. Transfer is inappropriate under either theory.

# 4 The First-Filed Rule Does Not Apply

## 4.1 This case is first-filed case as to Snow Leopard and Rebel EFI.

### 4.1.1 Judge Alsup excluded Snow Leopard and Rebel EFI from the California case after hearing exactly Apple's arguments.

The first-filed rule does not justify a transfer because this case is the first-filed case with respect to the products here at issue. This case concerns two products that did not exist when Apple filed the California case and that were not the subject of pleadings, discovery, or litigation in that case: Apple's new operating-system product, Mac OS X Snow Leopard; and Psystar's new virtualization-software product, Rebel EFI.

When Apple moved to reopen discovery in the California case in order to add Rebel EFI and Mac OS X Snow Leopard to that case, Judge William H. Alsup denied their motion. Judge Alsup held that Apple's repeated objections that discovery about Snow Leopard was irrelevant foreclosed Apple from "revers[ing] field" "[t]o head off a second front" in Miami. Judge Alsup wrote:

"Apple, not Psystar, commenced this action. Apple has fought hard to keep its unreleased product — Snow Leopard — *out* of this action by, among other things, relentlessly objecting to discovery on Snow Leopard as, for example, at its Rule 30(b)(6) witness deposition and in response to document requests. These refusals were express, intentional and specifically directed at Snow Leopard. It is true that some discovery was permitted on Snow Leopard by Apple, but it was adamant that Snow Leopard was not relevant (due to its status as an unreleased product).

"Only after the discovery period closed did Apple release Snow Leopard, having successfully kept it out of the case. Perhaps to Apple's surprise, its opponent Psystar then commenced a separate antitrust action directed at Snow Leopard in the United States District Court in the Southern District of Florida, assigned to Judge William Hoeveler. To head off a second front, Apple now seeks to reverse field in the instant case and to enlarge it to include Snow Leopard by way of re-opening discovery and resetting the summary judgment timeline. In turn, this may aid Apple having the Florida action transferred here.

"Apple's motion should be and is DENIED. If Snow Leopard was within the scope of its own complaint herein, as it now suggests, then Apple should have welcomed discovery thereon rather than, as it did, object to discovery directed at Snow Leopard and effectively taking Snow Leopard out of the case. Apple even chose *when* to release Snow Leopard and it chose to do so after all opportunity to take discovery on it had ended. The problem is one largely of Apple's own making. Now that the discovery period has closed, we are well into the summary judgment stage. Trial is looming early next year. It would now be too prejudicial and too disruptive to re-open the case on the theory that maybe the other action will come here too." Ex. A at 1–2 (emphasis in original).

In so ruling, Judge Alsup considered exactly the arguments about convenience and concentrating the Apple–Psystar litigation in one court that Apple advances again in this Court. *See* Ex. B. (Apple's motion in the California case to stay or dismiss this case).

Because Judge Alsup denied Apple's motion to include the products that are the subject of this case in the California case, the California case is not an earlier-filed case about the same or substantially similar subject matter that would trigger the

first-filed rule. *See, e.g., In re Transaction Systems Architects, Inc.*, No. 609, 2000 WL 290351 at *2 (Fed. Cir.) ("The California District Court also determined that the infringement issues involved in the two cases were not similar because the allegedly infringing products were different."; reporting decision of the United States District Court for the Southern District of California and denying petition for writ of mandamus); *AU Optronics Corp. v. LG.Philips LCD Co.*, No. 07-C-137-S, 2007 WL 5613513 at *2 (W.D. Wis.) (first-filed rule applied only after amendment in earlier case added claims raised for the first time in second case).

Some courts express the same point by saying that the first-filed rule does not apply where the plaintiff in the later-filed case cannot receive complete relief in the earlier-filed case. *See, e.g., Sensient Colors Inc. v. Allstate Ins. Co.*, 908 A.2d 826, 837 (N.J. 2006) ("Zurich has failed to establish a necessary predicate to the application of the 'first-filed' rule, namely that . . . the New York action affords plaintiff the opportunity for the same relief available in New Jersey"); *Solna Web Inc. v. Printed Media Services, Inc.*, No. 90-0433-CV-W-6, 1990 WL 357918 at *3 (W.D. Mo.) ("It is only when the two actions are identical that the first to file rule is absolutely applicable. Because it is apparent that the Minnesota suit deals with a more comprehensive set of issues, this court is of the belief that it would be the more appropriate forum for the litigation of the rights and remedies of the respective parties.").

Neither Psystar nor Apple can obtain complete relief in the California case as it currently exists. This is because Judge Alsup ruled that neither Snow Leopard nor Rebel EFI would be added to that case. *See, e.g., Central States Industrial Supply, Inc. v. McCullough*, 218 F. Supp. 2d 1073, 1086–87 (N.D. Iowa 2002) ("the parallelism prerequisite looks at the two proceedings as they currently exist, not as they could be modified to mirror each other"; discussing parallelism in context of *Colorado River* abstention, but holding that same analysis applies to first-filed doctrine) (*citing Baskin*

3

*v. Bath Township Board of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994), and *Crawley v. Hamilton County Commissioners*, 744 F.2d 28, 31 (6th Cir. 1984)). Because of Judge Alsup's ruling, this case is the first-filed case — indeed, the only pending case — covering Snow Leopard and Rebel EFI.

### 4.1.2 Judge Alsup's decision to exclude Snow Leopard and Rebel EFI from the California case was correct because these new products present a completely different set of factual and legal questions — about a Psystar software product — from those at issue in California, which concerned Psystar hardware products.

The California case and the Florida case concern two entirely different Psystar products. Between April 2008 and November 2009, Psystar sold personal computers with Apple's OS X operating system preinstalled. Psystar installed its own proprietary software in addition to OS X in order to make OS X compatible with Psystar's non-Apple personal computers. Psystar called these computers Open Computers. When an end user bought an Open Computer, the end user received a computer with OS X installed along with an unopened retail copy of OS X. In the California case, Apple alleged that Psystar's manufacture and sale of Open Computers constituted copyright infringement.

Psystar stopped selling Open Computers in November 2009. Although the complaint in this case refers to a new generation of Open Computers preinstalled with Apple's new operating system, OS X Snow Leopard, Psystar is not now selling and does not intend to sell Open Computers running Snow Leopard. Accordingly, those parts of the complaint that relate to Open Computers running Snow Leopard are now moot. This leaves Psystar's antitrust claim — the principal claim in the case — Psystar's Lanham Act claim, and Psystar's claim for a declaratory judgment that Rebel EFI is legal. *See* First Amended Complaint ¶¶8-b (Rebel EFI), 21-27.

4

Starting in October 2009, Psystar sold a separate product called Rebel EFI. Rebel EFI is a software product that users can install on their own personal computers. With Rebel EFI, generic personal computers can run OS X. Psystar does not come in contact with OS X at all in manufacturing or selling Rebel EFI. In particular, in manufacturing and selling Rebel EFI, Psystar does not install a copy of OS X on any computer; does not use any kind of imaging station; does not add to, delete from, or modify any copy of OS X in any way; does not create any DVD's or other media containing OS X; and does not even resell retail copies of OS X to end uses.

Each of these facts, present in the case of Open Computers, but absent in the case of Rebel EFI, was essential to the partial summary judgment that Judge Alsup entered in favor of Apple:

- Judge Alsup ruled that Psystar infringed Apple's reproduction right because "it . . .made copies of Mac OS X and installed those copies on non-Apple computers." Ex. C at 4–5. Because Psystar neither makes nor installs any copies of OS X in manufacturing and selling Rebel EFI, Rebel EFI presents different factual and legal questions.

- Judge Alsup ruled that Psystar infringed Apple's distribution right because Psystar "made an unauthorized copy of Mac OS X from a Mac mini that was placed onto an 'imaging station' and then used a 'master copy' to make many more unauthorized copies that were installed on individual Psystar computers." Ex. C at 7. Because Psystar does not use an imaging station or a master image containing OS X in manufacturing and selling Rebel EFI, Rebel EFI presents different factual and legal questions.

- Judge Alsup ruled that Psystar infringed Apple's derivative-works right because Psystar "replac[ed] original files in Mac OS X with unauthorized software files. Specifically, it made three modifications: (1) replacing the Mac OS X bootloader

5

with a different bootloader to enable an unauthorized copy of Mac OS X to run on Psystar's computers; (2) disabling and removing Apple kernel extension files; and (3) adding non-Apple kernel extensions." Ex. C at 9.  Because Psystar does not make any modifications to OS X — does not even touch or use any copy of OS X at all — in manufacturing and selling Rebel EFI, Rebel EFI presents different factual and legal questions.

- Judge Alsup ruled that Psystar violated the anti-circumvention provisions of the Digital Millenium Copyright Act because Psystar "used decryption software to obtain access to Mac OS X and to circumvent Apple's technological measure when modifying Mac OS X in its production process." Ex. C at 13.  Because Psystar does not gain acces to OS X or have any kind of production process in which it modifies OS X or even touches OS X in manufacturing and selling Rebel EFI, Rebel EFI presents different factual and legal questions.

Judge Alsup did not decide, because he had no occasion to decide, whether end users who buy Rebel EFI from Psystar and install their own copy of OS X from Apple or a third-party reseller on their own personal computers are committing copyright infringement. Such end users are protected by 17 U.S.C. § 117, which provides that "it is not an infringement for the owner of a copy of a computer program to make . . . another copy or adaptation of that computer program provided . . . that such a new copy or adaptation is created as an essential step in the utilization of the computer program in conjunction with a machine."

Apple argued that § 117 does not apply to Psystar's manufacture of Open Computers because the copies that Psystar created were for commercial resale and, hence, not for "internal use." This argument does not apply to end users who buy Rebel EFI because such users are not installing OS X for commercial resale and, hence, are installing OS X for an internal use.  And if end users are not committing copyright

infringement, then the DMCA's anti-circumvention provisions do not apply to them. *See, e.g., Storage Technology Corp. v. Custom Hardware Engineering & Consulting, Inc.*, 421 F.3d 1307, 1318 (Fed. Cir. 2005) ("To the extent that CHE's activities do not constitute copyright infringement or facilitate copyright infringement, StorageTek is foreclosed from maintaining an action under the DMCA"); *Facebook, Inc. v. Power Ventures, Inc.*, No. C-08-5780-JF-RS, 2009 WL 1299698 at *5 (N.D. Cal.) (copyright infringement is an element of a DMCA claim). For this reason, also, Rebel EFI presents different factual and legal questions from those that Judge Alsup considered in California.

Apple contends that this case involves the same subject matter as the California case because the copyrighted work at issue in this case, OS X Snow Leopard, is a derivative work of the copyrighted work at issue in the California case, OS X Leopard. *See* M. at 10. Apple contends that it follows from this that "a declaration of whether Psystar infringes Apple's copyrights in Snow Leopard necessarily includes a determination of whether Psystar is infringing Apple's copyrights in Mac OS X and in Mac OS X Leopard — the very issue Judge Alsup recently decided." M. at 10.

But the mere fact that Apple might claim (it has not yet done so in its claims in California or in counterclaims in this case) that Rebel EFI infringes Apple's copyright in OS X Leopard in addition to its copyright in OS X Snow Leopard does not mean that this case and the California case concern the same subject matter. This case and the California case concern entirely different products, hardware in California, software here, that infringe, if at all, in entirely different ways. Just as the first-filed rule does not mean that all suits to enforce a particular patent must be brought in one court even though they involve very different accused products, *see Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008), the first-filed rule does not mean that this Court must transfer this case to California simply because

7

Apple might, in the future, assert that Psystar's new products also infringe Apple's copyright in OS X Leopard.

Apple recognizes that the facts as pled in the amended complaint show that this case involves different subject matter from that in the California case. "Psystar alleges in the instant action that it defeats the technological protection measures in Snow Leopard using a new and different circumvention method." M. at 11. In response, Apple offers the affidavits of two witnesses who have not been subject to cross-examination on this topic. *See id.* Judge Alsup actually struck one of these witnesses, Jacques Vidrine, from the California case in response to a Psystar motion for discovery sanctions because Apple failed to disclose him in its initial disclosures. *See* Ex. D. Apple cannot prove its side of contested issues of fact by relying on testimony from a witness who was never subject to cross-examination because he was excluded from the California case.

Apple suggests that, if Psystar has any evidence to the contrary, "then Psystar can easily present those differences to the court in California." M. at 11. But this is not how the first-filed rule works. Apple cannot simply assert, contrary to the complaint, that this case and the California case assert the same subject matter, then expect Psystar to rebut that assertion in California. If this were the law, then, by the time Psystar were to succeed in showing that differences exist, and, hence, that the first-filed rule should not have been applied, it would be too late to avert the transfer because the case would already be in California. Instead, the law sensibly requires that Apple demonstrate that Psystar's complaint puts in issue only what is already at issue in California. *See Data Management, Inc. v. Control Module, Inc.*, No. 3:07-cv-966-O, 2009 WL 424158 at *3 (N.D. Tex.) (rejecting first-filed rule where movant failed to show substantial similarity); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648-49 (N.D. Cal. 1994) (burden on movant to show that first-filed rule applies). Apple admits that

Psystar's complaint pleads different issues from those pending in California. *See* M. at 11. This admission forecloses application of the first-filed rule.

Apple's discussion of Psystar's antitrust claims is similarly misleading. Judge Alsup's decision dismissing (with leave to replead) certain antitrust counterclaims that Psystar filed in California does not bar antitrust claims that arise from Apple's conduct after those counterclaims were filed. *See Meekins v. United Transportation Union*, 946 F.2d 1054, 1058 (4th Cir. 1991) ("res judicata does not bar claims that did not exist at the time of the prior litigation"); *National Resources Defense Council v. United States Environmental Protection Agency*, 437 F. Supp. 2d 1137, 1155 (C.D. Cal. 2006) ("Claim preclusion does not bar litigants from bringing claims based on conduct that ocurred after the settlement of a prior suit."). This is true even if the later claims arise out of a continuous course of conduct that began before the prior judgment. *See Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 327 (1955) (antitrust case); *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). Thus, the antitrust claims in this case, which arise out of Apple's continued acts in restraint of trade, are not barred by Judge Alsup's prior order.

Moreover, Apple correctly notes that Judge Alsup's earlier dismissal of Psystar's antitrust counterclaims was based on Judge Alsup's conclusion that the market for "Mac OS compatible hardware" was not a legally cognizable market definition under the antitrust acts. But Apple fails to address at all the allegation in Psystar's First Amended Complaint that "Apple also has and has obtained and maintained a monopoly in the market for personal computers with a UNIX operating system." First Amended Complaint at ¶23; *see* M. at 13–15 (failing to address this new market definition). Psystar did not make this allegation in California. Judge Alsup made no decision about whether the market for UNIX computers is an adequate market definition under the antitrust acts.

9

This case concerns a software product, Rebel EFI, that did not exist when Apple filed the California case, that Judge Alsup refused to add to the California case, and that presents different relevant facts and legal questions from those in the California case. Because of these differences between the issues here and in California, this case, not the California case, is the first-filed case about Rebel EFI. (To be clear, Psystar believes that Judge Alsup's grant of partial summary judgment to Apple was error. Psystar is appealing. But whatever the merits of Judge Alsup's decision in the California case, that decision has no bearing on the conduct at issue in this case.)

## 4.2 Apple's arguments that the legal issues in this case are substantially similar to the legal issues in the California case is properly presented in a motion for summary judgment seeking application of collateral estoppel or some other preclusion doctrine, not in a motion to transfer.

The first-filed rule justifies transfer of a case to a different court when an earlier-filed case that involves substantially the same facts and legal questions is pending in the transferee court. The first-filed rule does not justify transfer of a case to a different court merely because the transferee court has already decided some or all of the issues presented by the case. When two cases are pending, the first-filed rule determines which case will proceed. But when one case is complete, a new case is filed, and one of the parties argues that the issues in the new case were already decided in the older case, the first-filed rule does not apply. Preclusion doctrines do.

*Cadle Co. v. Whataburger of Alice, Inc.*, Apple's principal case on the first-filed rule, explains the distinction between the first-filed rule and preclusion doctrines nicely:

"1. The Relationship Between the First-To-File Rule and Collateral Estoppel
    . . . Cadle's implicit comparison to the doctrine of collateral estoppel is inapposite. The comparison does have some surface appeal in light of our

10

statement in another case that the first-filed court takes priority "[b]y virtue of its prior jurisdiction over the common subject matter . . . ." But . . . [a]lthough both doctrines rest on notions of judicial economy and consistency in judgments, they address these issues at different times.

"Collateral estoppel is a backward-looking doctrine. Courts apply it to avoid relitigation of, and inconsistency with, issues already decided by other courts. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).

"The first-to-file rule, by contrast, is essentially a forward-looking doctrine. Courts use this rule to maximize judicial economy and minimize embarrass-ing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court. . . .

"In light of this distinction between collateral estoppel and the first-to-file rule, it comes as no surprise that Cadle has not presented any persuasive case law to support its analogy." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603–04 (5th Cir. 1999).

*Cadle* explains that the first-filed rule is a "forward-looking doctrine" that "pro-phylactically" addresses potential future conflicts between the decisions of two courts by providing that, when two pending cases cover the same subject-matter, only the first-filed case will proceed. The first-filed rule addresses the situation where two cases are pending at the same time. *See also Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("[w]here two actions . . . are pending in two federal courts"). It does not address the situation where there is only one case pending, but one of the parties to that case argues that the issues were already decided in an earlier-filed case. As the court in *Cadle* explained, collateral estoppel (and preclusion doctrines like it) address that "backward-looking" problem.

The litigation in California is virtually complete. The only subject that remains for decision is the scope of a permanent injunction, if any, to enforce Judge Alsup's summary judgment. *See* Ex. E (order). A hearing on this issue is scheduled for next Monday, December 14. Final judgment will issue promptly after this hearing. Psystar

will then take its appeal to the United States Court of Appeals for the Ninth Circuit. Within the next several weeks, there will be no pending proceeding in the Northern District of California to which this Court could transfer this case. *See Attorney Yellow Pages.com, L.L.C. v. Advice Co.*, No. CV-09-282-PHX-LOA, 2009 WL 1211662 at *2 (D. Ariz.) ("[T]he First to File Rule is inapplicable in the present scenario because ... [t]here is no active pending lawsuit in the Northern District of California, only an appeal to the Ninth Circuit"). Accordingly, under *Cadle*, we are in the "backward-looking" situation where preclusion doctrines, not the first-filed rule, apply.

The great bulk of Apple's brief is dedicated to arguing that various issues in this case have already been decided by Judge Alsup in the California case. *See* M. at 9–15. Psystar does not believe that the issues decided by Judge Alsup are the same as those to be decided here. Even if Apple were correct, however, this fact would not justify transfer under the first-filed rule. It would only justify application of collateral estoppel or some other preclusion doctrine. *See, e.g., Carter v. Nicholson*, No. 07-20169, 2007 WL 3316086 at *4 (5th Cir. 2007) (where earlier case had already proceeded to judgment, appropriate doctrine was res judicata, not first-filed rule); *In re Western United Nurseries, Inc.*, No. MC 96-81-PHX-SMM, 2007 WL 2727301 at *8 (D. Ariz. 2007) (first-filed rule did not apply where earlier-filed case had been dismissed and so was no longer pending).

Apple may raise preclusion issues in this case, but it must do so by establishing preclusion as a defense. Apple can do this through a 12(b)(6) motion, if Apple believes preclusion applies on the facts as pled; through a summary-judgment motion, if Apple believes, after discovery, that there is no issue of fact relevant to the application of a preclusion doctrine; or, ultimately, by establishing the necessary facts at trial. Psystar does not believe that any preclusion doctrine applies. This is because the differences between the relevant factual and legal issues in this case and in the California case,

12

described in § 4.1 of this brief, mean that the decisions that this Court will have to make have not already been made by Judge Alsup.

Apple's motion is not a motion to dismiss asserting preclusion. Even if it were, however, it would lack merit. Apple's preclusion arguments are based on factual assertions that contradict the plausible factual allegations of the complaint, which must be taken as true on a motion to dismiss. For example, Apple claims that "[a]ll versions of Mac OS X, including Snow Leopard, are protected by the same technological protection measures." But this directly contradicts the factual allegations in paragraph 8 of the First Amended Complaint:

> "The manner in which Psystar computers run Mac OS X Snow Leopard is entirely different from the manner in which Psystar computers run Mac OS X Leopard. Both the technical details of Apple's attempt to tie Mac OS X to Macintoshes and the computer software that Psystar uses to enable Mac OS X to run on Psystar computers changed with the release of Snow Leopard." First Amended Complaint at ¶ 8; *see also id.* at ¶ 13 ("Both the technical mechanisms used by Apple to tie Mac OS X Snow Leopard to Macintoshes and the technology used by Psystar to get Mac OS X Snow Leopard to run on Psystar computers are new and different.").

To establish a preclusion defense, Apple must show, through discovery in this case, that Psystar cannot prove this factual allegation. Apple will be unable to do this. Until it does, it would be inappropriate to dismiss this case on grounds of preclusion.

Because Apple's arguments for application of the first-filed rule do not justify application of that rule, but are, rather, misguided arguments for application of a preclusion doctrine, Apple's motion should be denied.

### 4.3   This case does not trigger any special rule for staying or transferring "anticipatory litigation."

Apple contends that, even if this case is the first-filed action with respect to Snow Leopard and Rebel EFI, this Court should still transfer this case to the Northern District of California because this case constitutes "anticipatory litigation." *See* M. at 15–17. All declaratory-judgment cases are anticipatory litigation in the sense that they seek a declaration of rights necessary to avoid future litigation. Declaratory-judgment cases cannot be stayed merely because they are anticipatory in this sense.

As Apple's cases explain, a case is only anticipatory in the relevant sense if the plaintiff filed it immediately after receiving written notice from the defendant of the defendant's intent to file suit. *See Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (Ven-Fuel filed suit the day after "the Government advised Ven-Fuel that if Ven-Fuel did not pay a certain assessed penalty 'forthwith,' then the Government would institute judicial proceedings to collect that penalty"); *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 779 (M.D. Fla. 1991) (suit filed the day after counsel received a letter stating "It appears, regretfully, that BAPCO has no choice other than to file suit in this matter. Please let us know today if you are willing to accept service.").

Apple had given no specific, concrete indications that it intended to sue Psystar over Snow Leopard or Rebel EFI before Psystar filed this case. "A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 960 (N.D. Cal. 2008). Apple had not even sent a letter to Psystar complaining about Psystar's new products. *See id.* (letter alone would be insufficient). Apple was betting that it would prevail in the California case and that the changes

14

that Apple's engineers made to Snow Leopard would confound Psystar's engineers, resulting in the end of Psystar's business. Apple was wrong: it turns out that Apple's decision not to seek an amendment in California was the wrong strategy.

Apple claims to have been unaware of Psystar's plans to release the products here at issue. *See* M. at 16. But this is incredible. A critical part of Psystar's business is selling software that allows OS X to run on non-Apple computers. At the time, Psystar's business also included selling non-Apple computers with OS X preinstalled. Apple's claim not to have known that Psystar planned to release Snow Leopard products requires this Court to believe that Apple thought Psystar would shut down as soon as Apple switched from Leopard to Snow Leopard.

As Judge Alsup concluded, there is no excuse for Apple's failure to add Psystar's new products to the California case by amendment if Apple wanted to litigate the legality of those products in California. *See* Ex. A. If Apple regrets that it is now facing litigation in Florida, Psystar's home state and the location of all the Psystar evidence and witnesses, "The problem is one largely of Apple's own making." *Id.* at 2.

Apple also claims that the fact that Psystar did not formally serve Apple with this case for about two months is somehow relevant to its present motion. *See* M. at 16. This, too, is silly. Apple knew about this case almost as soon as Psystar filed it. Apple brought it to the attention of Judge Alsup in the California case and moved to have Judge Alsup stay or dismiss this case. Judge Alsup refused to do so. Psystar then served Apple well within the time required for service.

Apple's cases describe circumstances where the case to be transfered was for declaratory relief only. Here, Psystar is bringing affirmative antitrust and Lanham Act claims on which Psystar seeks monetary and injunctive relief, not merely declaratory relief. Apple's cases do not apply for this simple reason alone. *See Clergy Financial, LLC v. Clergy Financial Services, Inc.*, 598 F. Supp. 2d 989, 994 (D. Minn. 2009)

(rejecting argument that first-filed rule should not apply to case seeking declaratory judgment because "it also seeks injunctive relief and damages"); *AG Leader Technology, Inc. v. NTech Industries*, 574 F. Supp. 2d 1011, 1017 (S.D. Iowa 2008) (same); *Mondo, Inc. v. Spitz*, No. 97-civ-4822, 1998 WL 17744 at *3 (S.D.N.Y.) (Apple's rule does not apply "where the declaratory judgment plaintiff seeks affirmative relief or asserts [distinct] claims").

Finally, even if this case were anticipatory, that would remain only one factor to be considered along with the other factors under § 1404(a), the transfer-for-convenience statute. As the Eleventh Circuit recently explained:

> "Even if a court finds that a filing is anticipatory, this consideration does not transmogrify into an obligatory rule mandating dismissal. Such a finding still remains one equitable factor among many that a district court can consider in determining whether to hear a declaratory judgment action." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135–36 (11th Cir. 2005) (collecting cases).

As the next section establishes, these factors support Psystar.

# 5   Transfer Under §1404(a) Is Inappropriate Because This Court Is At Least As Convenient For The Parties As The Northern District of California

"A plaintiff's choice of forum is entitled to deference. *Tenneco Oil Co. v. Environmental Protection Agency*, 592 F.2d 897, 900 (5th Cir. 1979). To displace the plaintiff's choice, the court must determine that the convenience of the parties and witnesses and the interests of justice require a transfer. 28 U.S.C. § 1404(a)." *Texas Air Corp. v. Air Line Pilots Association International*, No. 88-804, 1989 WL 146414 (S.D. Fla.) (Hoeveler, J.).

In assessing "the convenience of the parties and witnesses and the interests of justice," the Eleventh Circuit has identified eight relevant factors:

> "Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel*, 430 F.3d at 1135 n.1.

Each of these factors is neutral or cuts in favor of the Southern District of Florida.

1. *Convenience of the witnesses.* The critical witnesses are evenly divided between San Francisco in the Northern District of California and Miami in the Southern District of Florida. The critical witnesses are employees of Apple and Psystar. Apple's witnesses are mainly (although not exclusively) located in San Francisco, while Psystar's witnesses are all located in Miami. This factor is neutral.

2. *Location of relevant documents and ease of access to sources of proof.* Apple's documents are located in San Francisco, while Psystar's are located in Miami. Apple is likely to want to inspect the process by which Psystar manufactures Rebel EFI and, perhaps, the packaging, advertising, and marketing materials associated with Rebel EFI. These materials are all in Miami. Accordingly, this factor favors of the Southern District of Florida.

3. *Convenience of the parties.* The Northern District of California is more convenient for Apple because Apple is headquartered there. But the Southern District of Florida is more convenient for Psystar because Psystar is headquartered here. This factor is neutral.

4. *The locus of operative facts.* As to the copyright claims, the locus of operative facts is Miami, because that is where Psystar developed, manufactures, and sells Rebel EFI. As to the antitrust and Lanham Act claims, there is no clear locus of operative facts. Apple engages in the complained-of anticompetitive conduct throughout the United States. Indeed, the misrepresentations that are the subject of the Lanham Act claims are targeted at Psystar, which is headquartered in Miami. This factor favors the Southern District of Florida.

5. *The availability of process to compel unwilling witnesses.* There are no unwilling witnesses currently expected. If there are any such witnesses, they are most likely to be former employees of Psystar. Apple's witnesses are senior enough at Apple that they are unlikely to leave Apple during the pendency of this case. Accordingly, the availability of compulsory process favors the Southern District of Florida.

6. *The relative means of the parties.* Apple's resources — including even only those it expended on the California case — dwarf Psystar's resources. Apple has tens of billions of dollars in cash; Apple has physical stores throughout the country, including in this district; and Apple has already engaged three excellent law firms (Kenny Nachwalter, Townsend & Townsend & Crew, and O'Melveny & Myers) to work on this case and the case in California. Psystar is a business run by two brothers in their twenties with their mother as their bookkeeper and chief administrator. The cost of traveling to California for discovery and hearings alone would strain Psystar's budget. This factor strongly favors the Southern District of Florida.

7. *Forum's familiarity with the governing law.* This Court is familiar with the Copyright Act, the Clayton and Sherman Antitrust Acts, and the Lanham Act. It has decided numerous cases involving these statutes. *See, e.g., Design Bureau*

18

*Corp. v. Colvin*, No. 08-22455, 2009 WL 2576372 (S.D. Fla.) (Hoeveler, J.) (copyright); *Top Rank, Inc. v. Dona Barbara Restaurant, Inc.*, 1999 WL 127450 (S.D. Fla.) (Hoeveler, J.) (copyright); *Designer's View, Inc. v. Publix Super Markets, Inc.*, 764 F. Supp. 1473 (S.D. Fla. 1999) (Hoeveler, J.) (copyright); *Whirlpool Corp. v. U.M.C.O. Int'l Corp.*, 748 F. Supp. 1557 (S.D. Fla. 1990) (Hoeveler, J.) (antitrust); *Chase Federal Savings & Loan Ass'n v. Chase Manhattan Financial Services Inc.*, 681 F. Supp. 771 (S.D. Fla. 1987) (Hoeveler, J.) (Lanham Act); *Cosmair, Inc. v. Dynamite Enterprises, Inc.*, No. 85-651, 1985 WL 2209 (S.D. Fla.) (Hoeveler, J.) (copyright); *National Bancard Corporation v. Visa U.S.A., Inc.*, 596 F. Supp. 1231 (S.D. Fla. 1984) (Hoeveler, J.) (antitrust). Because the issues in this case are not the same as those that the parties litigated in California, that court has no special legal competence in resolving this case. This factor is neutral.

8. *The weight accorded a plaintiff's choice of forum*. Courts accord great weight to the plaintiff's choice of forum. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."). This factor favors the Southern District of Florida.

9. *Trial efficiency and the interests of justice*. Psystar chose this Court. This Court is plainly a proper venue. Apple does extensive business in this state. And this district, since Psystar's headquarters and only office is located here, is a district with a clear connection to the subject matter of this case. Apple has shown nothing that overcomes the presumption that Psystar's choice of forum must be respected. And the gross burden on Psystar that forcing Psystar to travel to San Francisco would impose far outweighs any inconvenience to Apple, given Apple's vastly superior resources.

Transferring this case to California would merely shift inconvenience from Apple to Psystar. This is not a sufficient basis to disturb Psystar's valid choice of forum — particularly when Psystar has chosen its home forum, which is one of the two forums naturally connected to this litigation. *See Robinson*, 74 F.3d at 260; *Finley v. Dun & Bradstreet Corp.*, No. 05-C-5134, 2006 WL 861920 at *4 (N.D. Ill. 2006) (party seeking transfer must show more than that transfer would shift inconvenience by moving case form one party's home state to the other party's home state). Accordingly, this Court should deny transfer under § 1404(a).

# 6   Conclusion

Psystar respectfully requests that this Court deny Apple's motion in full. Psystar joins in Apple's request for oral argument.

Dated: December 10, 2009        Respectfully submitted,

/s/ K.A.D. Camara
K.A.D. Camara
camara@camarasibley.com
Texas Bar No. 24062646
Massachusetts Bar No. 661087
Kent Radford
radford@camarasibley.com
Texas Bar No. 24027640
CAMARA & SIBLEY LLP
2339 University Boulevard
Houston, Texas 77005
713-893-7973
713-893-1131 (fax)

/s/ Alex D. Weisberg
Alex D. Weisberg
Florida Bar No. 0566551
aweisberg@attorneysforconsumers.com
Aaron D. Radbil
Florida Bar No. 0047117
aradbil@attorneysforconsumers.com
WEISBERG & MEYERS LLC
9369 Sheridan Street, Suite 656
Cooper City, Florida 33024
(866) 775-3666
(866) 577-0963 (fax)

# Certificate of Service

I hereby certify that I served the foregoing document by CM/ECF on December 10, 2009, on counsel of record as follows:

Richard A. Arnold
Kenny Nachwalter P.A.
201 South Biscayne Boulevard, Suite 1100
Miami, Florida 33131

James G. Gilliland
Townsend & Townsend & Crew LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111

/s/ K.A.D. Camara
K.A.D. Camara

# Verification

1. I, Rudy Pedraza, am the President of Psystar Corporation, the plaintiff in this case. I have personal knowledge of the facts stated in this Response to Apple's Motion to Transfer. If called as a witness, I could and would testify to these facts. Each statement of fact is true and correct.

2. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on December 10, 2009

/s/ Rudy Pedraza
Rudy Pedraza

23