UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 09-22535 CIV – HOEVELER/GARBER

PSYSTAR CORPORATION,

    Plaintiff,

vs.

APPLE INC.,

    Defendant.

_____/

# APPLE INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS

# MOTION TO DISMISS OR TO TRANSFER VENUE

**Kenny Nachwalter, P.A.**
Richard Alan Arnold (Fla. Bar No. 196643)
rarnold@kennynachwalter.com
William J. Blechman, Esq. (Fla. Bar No. 379281)
wjb@kennynachwalter.com
Harry R. Schafer, Esq. (Fla. Bar No. 508667)
hschafer@kennynachwalter.com
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Attorneys for Defendant Apple Inc.*
    *- and -*
**Townsend and Townsend and Crew LLP**
James G. Gilliland, Jr. Esq. (Pro Hac Vice)
jggilliland@townsend.com
Mehrnaz Boroumand Smith, Esq. (Pro Hac Vice)
mboroumand@townsend.com
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111-3834
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
*Attorneys for Defendant Apple Inc.*

I.  **INTRODUCTION**

New events in the California Action further confirm that this case should be dismissed or transferred to the Northern District of California. On December 15, 2009, Judge Alsup entered a broad injunction on the grounds that enjoining "Psystar from continuing to commit infringing and illegal, if not criminal, acts under the Copyright Act and DMCA would ensure that the public will continue to benefit from the creative fruits of Apple's labor." *See* Ex. 1 at 8. The injunction prohibits Psystar from infringing or inducing others to infringe Apple's copyrights in Mac OS X (including Snow Leopard) and circumventing, or trafficking in technology designed to circumvent, the technological protection measure in Mac OS X. *Id.* at 16-17.

Judge Alsup retained jurisdiction "to enforce the judgment and permanent injunction." *Id.* at 15, 17. To resolve any potential uncertainty surrounding any existing or new Psystar product, Judge Alsup stated that Psystar may move the California court for a declaration that the product does not violate Apple's rights under the Copyright Act and the DMCA. A few days ago, Psystar announced its intent to file such a motion. Ex. 2 (Psystar website and 12/18/09 Computerworld Article). Judge Alsup also emphasized that he would hear any contempt motions by Apple if Psystar violates the injunction. Ex. 1 at 15, 17. Thus, the manufacture and sale of Rebel EFI – the only product that Psystar now claims is relevant – will be the subject of a "vetting" motion by Psystar or a contempt motion by Apple in the California court. *Id.* Consequently, all of the legal and factual issues in the instant action have already been, or will be, before Judge Alsup.

Psystar's arguments against dismissal or transfer of the instant case are unavailing. First, Judge Alsup never stated that this action should remain pending in Florida or that Rebel EFI was excluded from the California Action. On the contrary, his order on Apple's motion to enjoin Psystar's prosecution of the Florida case expressly reserved the merits of Apple's motion to transfer this action (*see* Ex. 3 (Order on Motion to Enjoin) at 2) and the new permanent injunction order entered by Judge Alsup just days ago effectively ensures that Rebel EFI will be the subject of further proceedings in California. Second, the case is a repackaging of the same

1

legal (copyright, DMCA and antitrust) and factual issues (distribution of circumvention software, with or without hardware) that are the subject matter of the California Action. Because of the substantial overlap in fact and law between the California and Florida cases, the first-filed rule applies and the Florida lawsuit should be dismissed or transferred. Third, even if this case were the first-filed, which it is not, Psystar's filing of the instant action was anticipatory. Psystar cannot legitimately assert that, in the midst of the California Action, it lacked notice of Apple's intent to enforce its copyrights in Mac OS X. Lastly, the interests of justice, efficiency and judicial economy require the dismissal or transfer of this action to California. Allowing Psystar to proceed with this lawsuit will result in duplicative litigation with potentially conflicting judgments and delay that would only benefit Psystar – an adjudged infringer.

## II.   PSYSTAR MISREPRESENTS THE SCOPE OF THE CALIFORNIA COURT'S ORDERS ON THE MOTIONS TO HALT PSYSTAR'S PROSECUTION OF THE FLORIDA ACTION AND FOR SUMMARY JUDGMENT

Psystar's opposition misrepresents Judge Alsup's rulings in the California case.[1] Psystar incorrectly asserts that the California court previously rejected the arguments Apple makes here to support its motion to dismiss or transfer. But Judge Alsup expressly reserved judgment on the merits of a transfer motion:

> This is without prejudice to any motion before Judge Hoeveler to transfer the Florida action here, as to which this order *expresses no opinion* and is without prejudice, in the event of a transfer, to a new motion to modify the case management schedule.

Ex. 3 at 2 (emphasis added). Moreover, Apple's motion to enjoin the Florida action from proceeding never addressed Rebel EFI – a product that Psystar did not start selling until October 2009, well after both Apple's motion and Judge Alsup's ruling. *See* Ex. 4 (12/14/09 Hearing Transcript) at 17:22. Thus, Judge Alsup has not made any determination that this case should not be transferred to him and has stated that he will consider the legality of Rebel EFI.

---

[1] As Judge Alsup recently stated with respect to Psystar's effort to exclude Snow Leopard and Rebel EFI from the scope of the injunction, "Psystar continues to grossly mischaracterize prior rulings in this case" (Ex. 1 at 12) and has had "a particular facility with taking a word or a phrase and somehow making it into a concession on which an entire structural argument is based." Ex. 4 at 19:12-14.

2

Psystar also misstates the full scope of Judge Alsup's findings on summary judgment. Psystar wrongly claims that decision dealt only with Psystar's process for making computers that run Mac OS X, and not the software Psystar adds to those computers. This argument ignores Judge Alsup's rulings that Psystar engaged in both contributory copyright infringement – inducing its customers to infringe Apple's copyrights in Mac OS X software – and violations of the anti-circumvention and anti-trafficking provisions of the DMCA. Ex. 5 (Summary Judgment Order) at 13-15. Both of these findings cover Psystar's software (including Rebel EFI), which Psystar admits was created to allow Mac OS X to run on non-Apple hardware. D.E. 10 at 5. Psystar's omission of such key rulings in California highlights its continued effort to manufacture specious "differences" between the two lawsuits.

## III.  THE FIRST-FILED RULE APPLIES TO THIS CASE

### A.  The Two Lawsuits Substantially Overlap

Psystar contends that the first-filed rule does not apply because the Florida suit involves Psystar's sale of a new product called Rebel EFI and of computers running Mac OS X Snow Leopard. According to Psystar, the cases therefore "present a completely different set of factual and legal questions."[2] D.E. 10 at 4. Psystar's argument misstates both the law and the facts.

Psystar does not dispute that the California Action was filed first or that the parties are identical. Thus, to warrant dismissal or transfer of this case under the first-filed rule, Apple need only demonstrate that there is substantial overlap or similarity of issues between this action and the first-filed California Action.[3] *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir.

---

[2] Psystar asserts that portions of its Florida complaint dealing with sales of computers are "now moot," but those claims remain in the First Amended Complaint ("FAC") and are fundamental to, at least, the Lanham Act claim that Psystar asserts is still live. *See* D.E. 10 at 4; D.E. 3 ¶ 26.
[3] The cases cited by Psystar confirm this standard. *Data Mgm't, Inc. v. Control Module, Inc.*, 2009 WL 424158, *2-3 (N.D. Tex. Feb. 18, 2009) (finding no "substantial overlap" between two actions); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648-49 (N.D. Cal. 1994) (analyzing "the chronology of the two actions, the similarity of the parties, and the similarity of the issues" and holding that the non-identical nature of the complaints did "not destroy the ultimate similarity" between the two actions).

2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."); *DHL Express (USA), Inc. v. Unishippers Global Logistics, LLC*, 2009 WL 2843250, *1 (S.D. Fla. Aug. 27, 2009).

The California court's permanent injunction order confirms that the two actions substantially overlap. That order addresses the same conduct at issue in this case – Psystar's unauthorized copying of Mac OS X and circumvention of Apple's technological protection measure – and will directly affect the Court's rulings in this case. *Data Mgm't*, 2009 WL 424158 at *3 (evidence that "a ruling in one [ ] action[] will have any effect on the rulings or outcome in the other" is a factor in determining substantial overlap.) For example, Judge Alsup specifically included Psystar products that run Mac OS X Snow Leopard within the scope of the permanent injunction (Ex. 1 at 12), deciding that Psystar cannot lawfully sell or distribute unauthorized copies of Snow Leopard or products that permit end users to circumvent Snow Leopard's technological protection measure. That decision moots Psystar's request for a declaration by this Court that its sale of computers running Snow Leopard does not constitute copyright infringement. *Id.* Similarly, Judge Alsup's order permits Psystar to bring a "vetting" motion if it contends that Rebel EFI is outside the scope of the injunction or that sale thereof is otherwise lawful. *Id.* at 15.[4] That motion (or a contempt motion by Apple) will take place well before the merits of this case are decided, again demonstrating that there is no purpose served, other than delay, in having two lawsuits pending over the same issues.

Psystar's behavior also confirms the substantial overlap of the actions. Psystar's FAC made bold claims that the "manner in which Psystar computers run Mac OS X Snow Leopard is

---

[4] The California court warned Psystar that until such a motion has been decided, "Psystar will be selling Rebel EFI at its peril, and risks finding itself held in contempt if its new venture falls within the scope of the injunction." Ex. 1 at 16.

4

entirely different from the manner in which Psystar computers run Mac OS X Leopard." D.E. 3 ¶ 8. But Psystar stopped selling computers loaded with Snow Leopard when Judge Alsup granted summary judgment to Apple, *well before* he issued the injunction – and informed Judge Alsup that it had done so "out of respect for [his] decision." *See* Ex. 4 at 9:24-25. Psystar's behavior concedes that Snow Leopard was indeed part of the California Action.

### B. Psystar's Complaint Merely Repackages the Claims from the California Suit

Once Apple has shown substantial overlap between the two actions, as it has done here, Eleventh Circuit law shifts the burden to Psystar to show that "compelling circumstances" warrant an exception to the first-filed rule. *Manuel*, 430 F.3d at 1135. Psystar has not shown any circumstances, let alone compelling circumstances, that justify an exception to that rule.

As discussed above, the core issues presented in this suit – whether Psystar is liable for infringing or inducing infringement of Apple's copyrights in Mac OS X, whether it violates the DMCA by trafficking in a circumvention device, and whether Apple is liable for antitrust violations – have been, or will be, resolved by Judge Alsup in the California Action. Psystar's attempt to repackage its claims to manufacture "differences" between the two cases should fail. *NCR Corp. v. First Fin. Computer Serv., Inc.*, 492 F. Supp. 2d 864, 867 (S.D. Ohio 2007) (rejecting "distinction[s] without a difference" where there are substantially overlapping issues).

Psystar seeks a declaration that its sale of Rebel EFI does not violate the DMCA, claiming this issue has not yet been addressed in the California Action. But this argument rests on an incorrect limitation of the California court's summary judgment ruling to the production and sale of Psystar computers that include Mac OS X. D.E. 10 at 5-6. Neither that ruling nor the subsequent injunction are so limited: Judge Alsup found that Psystar violated the DMCA by manufacturing and trafficking in devices intended to circumvent the technological protection measure in Mac OS X to run Apple's software on non-Apple hardware. Ex. 1 at 13-15. Rebel

5

EFI is simply a repackaged version of Psystar's circumvention technology. Ex. 6 (Kelly Decl.) at ¶¶ 6-8. And Psystar has now stated that it will seek from Judge Alsup a declaration regarding the legality of Rebel EFI.

Additionally, Apple has presented undisputed evidence here (*see id.*), and in the California Action, that Rebel EFI uses the circumvention device that the California court found to be unlawful and subject to injunctive relief. Like the circumvention software found on Psystar computers, Rebel EFI contains the decryption key used to access Mac OS X and allow it to run on non-Apple hardware. *Id.* at ¶¶ 6-7. Distributing this technology separately from Psystar hardware does not meaningfully distinguish Rebel EFI from the circumvention technology in the California Action. Moreover, the California court is best positioned to consider any of Psystar's arguments that Rebel EFI does not infringe Apple's rights. Ex. 1 at 15-16 ("Psystar may raise in such a motion any defenses it believes should apply to the factual circumstances of its new product, such as the 17 U.S.C. 117 defense.")

Furthermore, Psystar argues that the antitrust claims in the instant case differ from the allegations already addressed and resolved in the California Action because the conduct giving rise to the Florida claims "arose after those counterclaims were filed." However, the allegedly "new" anticompetitive conduct in Psystar's Florida Complaint is the same conduct Psystar alleged in the California Action and that Judge Alsup already dismissed. *See* D.E. 4 at 13-15.[5] Psystar should not be permitted to reassert – almost a year later and in a different jurisdiction – that the same conduct the California court deemed legal is now somehow unlawful.

---

[5] Psystar also raises a one sentence allegation concerning UNIX computers that is fundamentally inconsistent with the rest of its antitrust claim and which Psystar does not, and cannot support, by any facts. For instance, Rule 11 would preclude any allegation that Apple has monopoly power in a market for UNIX-based computers. Moreover, even though the UNIX reference is present only in this action, that alone does not destroy the overwhelming similarity between the two cases for the purposes of the first-filed rule. *See Ward*, 158 F.R.D. at 649.

The cases Psystar cites to support its antitrust claims in this action are inapposite. Psystar's cases simply state that res judicata or claim preclusion does not apply to claims arising out of conduct occurring ***after judgment*** in previous litigation. *See e.g., Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (no res judicata because the facts giving rise to second complaint occurred after judgment in first litigation and remedies sought in second lawsuit were not available in first lawsuit); *Nat'l Resource Def. Council v. U.S. E.P.A.*, 437 F. Supp. 2d 1137, 1155 (C.D. Cal. 2006) ("Claim preclusion does not bar litigants from bringing claims based on conduct that occurred after the settlement of a prior suit."). Here, Psystar filed its Complaint in August 2009 – four months ***before*** the California court entered judgment. *See* Ex. 7 (Final Judgment in California Action). All of the alleged facts underlying Psystar's antitrust claims existed during the California litigation.

### C.  Comity Warrants the Dismissal or Transfer of this Case

The first-filed rule is a doctrine of federal comity meant "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008); *see also Vital Pharms. v. Cytosport, Inc*, 2009 WL 302277, *2 (S.D. Fla. Feb. 9, 2009).[6] As discussed above, Judge Alsup retained jurisdiction to enforce the permanent injunction, and stated that he would address the legality of Psystar's Rebel EFI product if raised by either party. Ex. 1 at 17. Psystar could (and has publicly stated it will) promptly seek such a declaration from the California court regarding Rebel EFI's legality. *Id.*; *see also* Ex. 2.

---

[6] The cases upon which Psystar relies are inapposite. *Attorney Yellow Pages.com*, the *Attorney Yellow Pages.Com, L.L.C. v. Advice Co.*, 2009 WL 1211662, *1-3 (D. Ariz. May 1, 2009) (holding that applying the first-filed rule would cause prolonged delay where first-filed case had been dismissed and the defendant in the second-filed action had moved for a *stay* of first-filed case pending appeal); *Carter v. Nicholson*, 2007 WL 3316086 (5th Cir. Nov. 8, 2007) (not applying first-filed rule because *second filed* action had advanced to final judgment).

7

Accordingly, applying the first-filed rule here would be "forward looking" and consistent with principles of comity. This Court would "maximize judicial economy and minimize embarrassing inconsistencies by" permitting the California court to determine whether new Psystar products, like Rebel EFI, violate the permanent injunction and Apple's rights under the Copyright Act and DMCA. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603-04 (5th Cir. 1999). Psystar's contention that this case is "backward looking" and requires a preclusion analysis is plainly contradicted by the express terms of the injunction order.

## IV.   PSYSTAR'S FIRST AMENDED COMPLAINT IS ANTICIPATORY

Even if the Court accepts Psystar's argument that this is the first-filed case, which Apple does not concede, the Court should still dismiss or transfer this case because the anticipatory litigation exception should apply. Psystar argues that because Apple did not notify Psystar in writing of Apple's intent to sue regarding Snow Leopard or Rebel EFI, the instant action is not anticipatory. D.E. 10 at 14. This argument is baseless. The equitable anticipatory exception to the first-filed rule does not include such rigid notice requirements. *See Vital Pharms.*, 2009 WL 302277 at *3 ("Determining whether other proceedings are 'imminent' … requires looking at the entire course of communication of the parties and the status of the communications at the time of filing."). Apple cannot reasonably have been expected to write the letter Psystar suggests is necessary: Psystar filed its Florida lawsuit *before* Apple released Snow Leopard, *before* Psystar released a computer running Snow Leopard, and *before* Psystar released Rebel EFI. The absence of a letter does not mean that an Apple lawsuit to stop Psystar's infringement of Mac OS X version 10.6 was not "imminent." Apple had already sued Psystar to stop it from infringing Mac OS X, including version 10.5. Psystar was therefore on notice that Apple would also sue to stop Psystar's infringement of Snow Leopard, and the FAC repeatedly alleges that Psystar "stands threatened" by an Apple lawsuit regarding Snow Leopard. D.E. 3 ¶ 14.

Moreover, Psystar's inclusion of affirmative antitrust and Lanham Act claims in this case does not change the anticipatory nature of this lawsuit, because Psystar's affirmative claims

simply repackage its defenses from the California Action. Contrary to Psystar's argument, the mere inclusion of affirmative claims does not preclude application of the anticipatory litigation exception. None of the cases that Psystar cites suggest otherwise. In *Mondo, Inc. v. Spitz*, 1998 WL 17744, *3 (S.D.N.Y. Jan. 16, 1998), the court applied that exception in dismissing the first-filed action because the plaintiff did not assert claims or seek relief ***distinct*** from those asserted in the other pending lawsuit. Thus, even if the Court finds that the instant action is first-filed, the Court should dismiss the case because Psystar "essentially asks this court to adjudicate questions identical to those [being] pressed ... in the California Action ...." *Id.* at *3. In *AG Leader Technology v. Ntech Indus., Inc.*, 574 F. Supp. 2d 1011, 1016-17 (S.D. Iowa 2008), the court dismissed a declaratory judgment action because the issues and parties substantially overlapped in both lawsuits, and only noted that a declaratory judgment action "***may be*** more indicative of a preemptive strike than a suit for damages or equitable relief"[7] *Id.* at 1017 (emphasis added). Neither *Mondo* nor *AG Leader* held that a plaintiff could defeat the anticipatory litigation exception by asserting affirmative claims, let alone claims already at issue in another lawsuit.

## V.   TRANSFER IS WARRANTED UNDER SECTION 1404(A)

As argued in Apple's opening motion, this Court should alternatively transfer this case to the Northern District of California under Section 1404(a). When a related action is pending in another court, Section 1404(a) requires consideration of two primary issues: (1) preservation of judicial resources and (2) avoiding the prospect of conflicting judgments. *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) ("[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent"); *see Cordis Corp. v.*

---

[7] Psystar also cites to *Clergy Fin. v. Clergy Fin. Servs., Inc.*, 598 F. Supp. 2d 989, 993-4 (D. Minn. 2009), in which the defendant sought transfer of a lawsuit under the first-filed rule where neither party had filed a second lawsuit. The court held that while defendant had written plaintiff a letter threatening litigation, other evidence suggested that defendant was not serious about its threat. Thus, the court declined to find the plaintiff's suit anticipatory. *Id.* at 994. Here, Apple had already filed suit against Psystar and was clearly serious about enforcing its copyrights in Mac OS X.

9

*Siemens-Pacesetter, Inc.*, 682 F. Supp. 1200, 1202 (S.D. Fla. 1987) (transfer granted to avoid duplicative litigation and inconsistent results) (Hoevler, J.); *Roy v. Alliance Capital Mgm't, L.P.*, 2002 WL 32657085, *3 (M.D. Fla. March 13, 2002) (transferring case "to avoid the potential for inconsistent judgments"). Transfer of this action to California achieves both goals. Litigating the very same copyright, DMCA and antitrust issues in both actions would waste judicial resources and weighs strongly in favor of transfer under Section 1404. Having this Court make parallel determinations in this case may lead to entirely avoidable, conflicting judgments.

Finally, while Psystar contends that its choice of forum should be afforded deference, the law is to the contrary where a litigant files suit in an obvious effort to forum shop. *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654-655 (11th Cir. 1993) (no abuse of discretion found where case was transferred under § 1404(a) to a forum that the plaintiff had purposefully avoided when filing suit); *accord Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (:If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference.") Psystar's forum shopping should not be permitted, and this case should be transferred.

## VI.  CONCLUSION

Both the first-filed rule and Section 1404(a) warrant the transfer of this case to the California court. Psystar has not come close to meeting its burden to show compelling circumstances that this case should remain in Florida. Therefore, Apple respectfully requests that this Court dismiss or transfer this lawsuit to the Northern District of California.

Dated:  December 21, 2009

Respectfully submitted,

 /s/ Harry R. Schafer
**Kenny Nachwalter, P.A.**
Richard Alan Arnold (FL Bar #. 196643)
rarnold@kennynachwalter.com
William J. Blechman, Esq. (FL Bar # 379281)
wjb@kennynachwalter.com
Harry R. Schafer, Esq. (FL. Bar #. 508667)
hschafer@kennynachwalter.com
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131-4327
Telephone:  (305) 373-1000
Facsimile:  (305) 372-1861
*Attorneys for Defendant Apple Inc.*

- *and* -

**Townsend and Townsend and Crew LLP**
James G. Gilliland, Jr. Esq.
jggilliland@townsend.com
Mehrnaz Boroumand Smith, Esq.
mboroumand@townsend.com
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111-3834
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
*Attorneys for Defendant Apple Inc.*
*(Admitted Pro Hac Vice)*

11

## CERTIFICATE OF SERVICE

**I hereby certify** that on December 21, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Harry R. Schafer

SERVICE LIST
Psystar Corporation v. Apple, Inc.
Case No. 09-22535-CIV–HOEVELER/GARBER
U.S. District Court, Southern District of Florida

K.A.D. Camara, Esq.
camara@camarasibley.com
CAMARA & SIBLEY LLP
2339 University Boulevard
Houston, TX 77005
Phone: 713-893-7973
Fax: 713-583-1131
Attorneys for Plaintiff Psystar Corporation
[via U.S. Mail]

Alexander Daniel Weisberg, Esq.
aweisberg@attorneysforconsumers.com
WEISBERG & MEYERS LLC
5722 S Flamingo Road
Suite 656
Cooper City, FL 33330
Phone: 954-337-1885
Fax: 866-577-0963
Attorneys for Plaintiff Psystar Corporation
[via CM/ECF electronic filing]

Aaron D. Radbil, Esq.
aradbil@consumerlawcenter.com
aradbil@attorneysforconsumer.com
KROHN & MOSS LTD
120 W Madison
10th Floor
Chicago, IL 60602
Phone: 312-578-9428
Attorneys for Plaintiff Psystar Corporation
[via CM/ECF electronic filing]

Richard A. Arnold, Esq.
raa@kennynachwalter.com
William J. Blechman, Esq.
wjb@kennynachwalter.com
Harry R. Schafer, Esq.
hschafer@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd.
Suite 1100
Miami, FL 33131-4327
Phone: 305-373-1000
Fax: 305-372-1861
Attorneys for Defendant Apple, Inc.
[via CM/ECF electronic filing]

James G. Gilliland, Jr. Esq.
jggilliland@townsend.com
Mehrnaz Boroumand Smith, Esq.
mboroumand@townsend.com
TOWNSEND and TOWNSEND
and CREW LLP
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111-3834
Telephone: (415) 576-0200
Fax: (415) 576-0300
Attorneys for Defendant Apple Inc.
[via CM/ECF electronic filing]